IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EXEVIOUS SWAYNE LEE,

    Plaintiff,

v.                                    CASE NO. 1:10-cv-00187-MP-GRJ

ALACHUA COUNTY JAIL, et al,

    Defendants.

_____/

## O R D E R

This matter is before the Court upon the filing of a complaint (doc. 1) and a Motion for Leave to Proceed in Forma Pauperis. (Doc. 6). Plaintiff has also submitted inmate account information and a Prisoner Consent Form, which has not been signed by a prison official. This form must be signed by an official at the jail, and the Clerk will be directed to send Plaintiff another form to complete, sign and return with this signature. A ruling on the motion for leave to proceed will be deferred until the Consent Form is signed and returned.

The Court has also reviewed the complaint pursuant to 28 U.S.C. 1915A and will direct the Clerk to send Plaintiff another form complaint as well, which he should complete, sign and return with the Prisoner Consent Form.

Plaintiff complains that "staff" did not protect him from sexual abuse committed by another inmate. He names as defendants, the Jail, the inmate and Officer Brown, but he does not provide enough facts about how Officer Brown failed to protect him.

In any 42 U.S.C. §1983 cause of action, the initial inquiry must focus on whether the two essential elements to a section 1983 action are present.

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in any action at law . . . [or] suit in equity.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under the color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). For liability under 42 U.S.C. §1983, Plaintiff must show an affirmative causal connection between the Defendants' conduct and the constitutional deprivation. *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

The "Alachua County Jail" is not a proper defendant in a § 1983 case because it is not a "person." Further, Inmate Douglas is not a proper defendant in a § 1983 lawsuit because he is not acting "under color of state law." Thus, the only proper defendants under the set of facts so far set out in the complaint are Officer Brown and any other "staff" at the jail who failed to protect Plaintiff from the acts committed by Inmate Douglas.

"'[P]rison officials have a duty...to protect prisoners from violence at the hands of other prisoners.' ... It is not, however, every injury suffered by one prisoner at the hands of another that translates into [a] constitutional liability." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(citations omitted).

A prisoner under the Eighth Amendment has a right to be "reasonably protected from constant threat of violence and sexual assault by his fellow inmates," *Woodhous v.*

*Virginia*, 487 F.2d 889, 890 (4th Cir. 1973), but "a prison custodian is not the guarantor of a prisoner's safety." *Popham v. City of Talladega*, 908 F.2d 1561, 1564 (11th Cir. 1990). There is always some degree of risk of harm because it is a jail. *Purcell ex rel Estate of Morgan v. Toombs County*, 400 F.3d 1313, 1323 (11th Cir. 2005). To show a violation of an inmate's Eighth Amendment right to be protected, a Plaintiff must show: (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). Each element must be proven. *Id.,* at 1582; *LaMarca v. Turner*, 995 F.2d 1526, 1537 (11 Cir. 1993). To be deliberately indifferent a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*, *supra* at 837. The mere knowledge of a dangerous condition does not establish deliberate indifference, the plaintiff must demonstrate that with knowledge of the dangers, the defendants knowingly or reckless declined to take actions that would have improved the conditions. *LaMarca*, *supra* at 1537.

Thus, Plaintiff has to provide more facts supporting his claim that there was a substantial risk of harm in placing him in a cell with Inmate Douglas, that Officer Brown or others knew of this risk, and that Officer Brown or others placed him in the cell even with this knowledge.

Accordingly, it is **ORDERED:**

1. That the Clerk shall mail to Plaintiff a Prisoner Consent Form and a form complaint which Plaintiff shall complete, sign (with a prison official's signature on the

consent form) and return on or before **November 16, 2010.**

     2.  Failure to comply with this Order within the time provided may result in a recommendation that this cause be dismissed.

     **DONE AND ORDERED** this 26th day of October, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge